FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA    16 NOV 30  AM 11: 59
FORT MYERS DIVISION

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

CASE NO.: _____

DAVID ROBINSON, an individual,

     Plaintiff,

v.

AMERICAN CONSUMER CREDIT, LLC,
a Florida limited liability company, doing
business as "American Consumer Credit,"
and John Does 1-15, unknown individuals,

     Defendants.

_____/

*2:16-CV-857-FtM-99CM*

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, David Robinson, an individual ("Mr. Robinson"), by and through his undersigned attorney, sues Defendants, American Consumer Credit, LLC, a Florida limited liability company, doing business as "American Consumer Credit" ("ACC"), and John Does 1-15, unknown individuals ("Unknown Individual Defendants"), and alleges:

### INTRODUCTION

1. As evidenced by the significant number of lawsuits pending in federal and state courts, buying a timeshare vacation rental has often been fraught with fraud. Indeed, many consumers learn that the ownership of a timeshare involves substantial expense and maintenance fees that were not properly disclosed at the time of purchase.

2. During the last several years, schemers have begun targeting timeshare owners who desperately wish to dispose of their ownership interest in a money draining

timeshare.  In order to deceive consumers, such scammers often require upfront fees and promises of "money-back guarantees."

3.      The Federal Trade Commission ("FTC") and state consumer protection agencies have been actively shutting down dishonest timeshare resellers and related enterprises for bilking timeshare owners out of millions of dollars.  *See,* www.consumer.ftc.gov/blog/be-lookout-timeshare-resale-phonies; *see, also, Federal Trade Commission, et al., v. Information Management Forum, Inc.*, United States District Court, Middle District of Florida, Orlando Division, Case No. 12-CIV-986-Orl-31KRS.

4.      As detailed below, Mr. Robinson is a 76-year-old senior with limited funds who was duped into paying substantial upfront fees to Defendants to eliminate his timeshare contract and protect his credit.  After a year of doing nothing, Defendants provided absolutely no real benefit to Mr. Robinson and refused to refund any monies despite a "100% money-back guarantee."

## JURISDICTION

5.      The jurisdiction of this Court is established pursuant to 15 U.S.C. §1679, *et sequi,* known more commonly as the "Federal Credit Repair Organizations Act" ("CROA"), and 15 U.S.C. §6101, *et sequi,* known more commonly as the "Federal Telemarketing and Consumer Fraud and Abuse Prevention Act," and with respect to state law claims pursuant to the pendent jurisdiction of this Court pursuant to 28 U.S.C. §1367.

## ALLEGATIONS AS TO PARTIES

6.      At all times material hereto, Plaintiff, David Robinson, was *sui juris* and a resident of Lee County, Florida.

7.      At all times material hereto, Defendant, American Consumer Credit, LLC, doing business as "American Consumer Credit" ("ACC"), was a Florida limited liability company, doing business at 18 Bovard Avenue, Suite C, Ormond Beach, Florida 32176.

8.      At all times material hereto, Defendants, John Does 1-15 ("Unknown Individual Defendants"), were persons who directly participated in or aided and abetted in the misconduct described below but whose identities are currently unknown to Mr. Robinson.

9.      Through discovery, Mr. Robinson shall identify the Unknown Individual Defendants, and shall amend his pleadings to name and serve same.

## FACTUAL ALLEGATIONS

### A. OVERVIEW OF BUSINESS MODEL OF DEFENDANTS

10.     A large number of individuals and families throughout the United States are struggling to pay their consumer debts because of economic forces largely beyond their control. Such families are vulnerable to predatory businesses that entice consumers with the prospect of settling consumer obligation and restoring creditworthiness to the consumer.

11.     Due to the unfair and deceptive practices endemic to the "debt relief" industry, the FTC amended the Telemarketing Sales Rules ("TRS") to regulate debt relief in 2010. Most significant in the amendments to the TRS is an "advance fee ban" which prohibits firms from collecting fees on accounts except where a settlement agreement has been reached and at least one settlement payment has been made by the consumer to the creditor.

12.     Following the issuance of the FTC debt settlement rules, there has been a rise in various attorney-related debt settlement models, in an apparent effort to evade both the FTC's advance fee ban, as well as state laws that often exempt attorneys from their debt settlement regulations.

13.     While the models differ across companies, in each, attorneys and non-attorneys are affiliated, but the attorneys are present largely to provide a cover for collecting advance fees. In most instances, the attorneys do not engage in legal work and only non-attorneys perform debt settlement work. *See*, Elizabeth Ody, "*Debt Firms Play Whack-a-Mole to Skirt Fee Ban*," Bloomberg News (September 29, 2011).

### B. FRAGILE FINANCIAL CIRCUMSTANCES OF MR. ROBINSON

14.     Several years prior to the filing of the instant action, Mr. Robinson made the ill-advised decision to buy a timeshare "Avalon Resorts" in Cancun, Mexico ("Robinson Timeshare").

15.     Since purchasing the Robinson Timeshare, Mr. Robinson has been burdened by maintenance and other fees assessed against his interest in the Robinson Timeshare.

16.     Despite his best efforts, Mr. Robinson found it increasingly difficult to pay the assessments associated with the Robinson Timeshare which have dramatically increased over the years.

### C. USE OF "ATTORNEY-STAFFED" SERVICE TO ENSNARE UNSUSPECTING CONSUMERS

#### 1. Introduction

17.      In an effort to find a solution to the financial burden of owning the Robinson Timeshare, Mr. Robinson searched the internet for "professionals" to be able to eliminate his timeshare interests.  While perusing the internet, Mr. Robinson viewed a website maintained by ACC at https://aconsumercredit.com ("ACC Website").

18.      Through the ACC Website, ACC represented it could eliminate timeshare interests of consumers:

> Our team of experts have helped hundreds of timeshare owners cancel their contracts and understand their legal consumer rights. We will help you eliminate your high maintenance fees or mortgage and explain your options so you can safely cancel your timeshare burden.

19.      In order to lure consumers such as Mr. Robinson to retain ACC, ACC through the ACC Website provided multiple money-back guarantees for its services, including:

> CANCEL YOUR TIMESHARE CONTRACT … GUARANTEED! …
> "Our personal GUARANTEE to you is that our attorney staffed agency will get you out of your timeshare contract, period."

("Performance Guarantee").

20.      At the first landing page of the ACC Website, ACC provided the following information to seduce consumers such as Mr. Robinson into paying money to ACC for "timeshare cancellation" services:

> Since 2004, American Consumer Credit, LLC. has provided compassionate, comprehensive financial tools and resources to help Americans resolve their timeshare problems. We are the pioneers of consumer timeshare advocacy, educating owners of both their rights and

their options. When it comes time to cancel your timeshare contract or mortgage, ACC is the team for you.

It starts with a free consultation.  Meet our team, and learn about the process, and why it works. We'll give you all the information that timeshare sales and development companies don't want you to know. Ask to see proof, we'll show you, and answer any questions you have.

Timeshare vacation contracts and memberships are not for everyone.  If they were the perfect financial or investment option, why do less than 2% of timeshares resell?  The market is full of owners with buyer's regret, who simply want to get away from soaring expenses, and balance their budget again. ACC can help you cancel your timeshare in a way that protects your credit and allows you to obtain financial freedom.

If you have become increasingly frustrated by the terms of your contract, or by escalating fees and expenses, trust American Consumer Credit, LLC.  We know that selling your timeshare is rarely an option, and that you need a plan that will put an end to unending bills.  We offer over thirteen years of expert experience helping Americans like you to end the inconvenience and financial burden of a timeshare contract, or even a timeshare mortgage.

Purchasing a timeshare is not a life sentence, and you don't have to choose between escalating maintenance and management fees or preserving your personal credit rating.  You can exit your timeshare contract and protect your credit rating.  We help Americans get back to the business of more important financial goals, free of the burden of a predatory timeshare contract.

21.     Through the ACC Website, Defendants also provided the following

"money-back guarantee:"

You aren't trapped in this contract; you have options and rights, and you can take action to cancel your timeshare contract or mortgage without compromising your personal credit rating. In twelve months or less, our experts can have you out of your timeshare contract or we guarantee to refund our service fee.  We are committed to helping our clients wipe the slate, and start over, free from the debt and frustration of a timeshare contract.

("Refund Provision").

22.     Based on the advertisements in the ACC Website, Mr. Robinson contacted ACC to learn more about the "services" provided by ACC.

### 2.  *"Sales Pitch" and Marketing Practices of Defendants*

#### a.  *Deception Concerning Experience and Reputation of Defendants*

23.     In the initial conversation with ACC, Mr. Robinson informed ACC that he was having difficulty maintaining the assessments on the Robinson Timeshare and wished to "get out" of the timeshare as quickly as possible.

24.     In response to Mr. Robinson, the representative of ACC informed Mr. Robinson that they had an "in-house attorney" who would assist in eliminating the Robinson Timeshare.

25.     When Mr. Robinson looked at the ACC Website, he observed that ACC made repeated references to ACC being an "attorney-staffed agency" and that ACC was the "original attorney-staffed timeshare relief agency" ("Attorney Involvement Representations").

26.     The Attorney Involvement Representations were purposefully made by ACC to foster a belief that a licensed attorney would be actively involved in representing Mr. Robinson when in fact, no attorney would be actively involved in providing services on behalf of Mr. Robinson.

27.     Because Mr. Robinson was a man of extremely modest means, he asked the ACC representative repeated whether the "money-back guarantee" on the ACC Website was accurate.  With respect to each of the several inquiries by Mr. Robinson, the ACC representative reassured Mr. Robinson that the money-back guarantee would be

honored in the event ACC was unable to eliminate the timeshare interest of Mr. Robinson.

28.     After Mr. Robinson indicated that he would hire ACC, ACC faxed to Mr. Robinson what can best be described as a "new client package," which included *inter alia*:

- A page entitled "Enclosed Documents," a true and correct copy which is attached hereto and incorporated herein by reference as Exhibit "A;"

- A document entitled "Agreement for Services" ("Credit Services Agreement"), a true and correct copy (with written notations by Mr. Robinson) of which is attached hereto and incorporated herein by reference as Exhibit "B;" and

- A document entitled "Payment Agreement Form" ("Payment Form"), a true and correct copy (with redaction of personal information), of which is attached hereto and incorporated herein by reference as Exhibit "C."

29.     In the belief that he would be relieving himself of the financial burden of the Robinson Timeshare, Mr. Robinson read the Credit Services Agreement and paid the sum of One Thousand Eight Hundred Dollars ($1,800.00) ("Credit Services Payment") to ACC.

### D. DESCRIPTION OF "CREDIT SERVICES" PROVIDED BY ACC

#### 1. Terms of Employment

30.     Pursuant to the Credit Services Agreement, ACC agreed to the following:

Utilizing documents and information provided by the client, including but not limited to, your purchase agreement and contract, any and all

> documents signed or initialed by client, co-owner, or representatives, any
> and all other materials that the client feels are pertinent to this service,
> ACC and its affiliates will develop and maintain a client file necessary for
> the client to receive a termination of the clients Mortgage, Vacation
> Membership, Deed, or Contract.  ACC and its affiliates will train, mentor,
> and coach the client through a proven process for cancellation of the
> client's Mortgage, Vacation Membership, Deed, or Contract.  The
> Account Specialists will provide the client with detailed actions that the
> client must maintain to ensure a timely cancellation.  With the assistance
> of the Client, ACC and its affiliates will provide all necessary documents
> for cancellation.  ACC and its affiliates will make phone calls and deliver
> letters or emails on behalf of Client in order to obtain an elimination of the
> client's Mortgage, Vacation Membership, Deed, or Contract.

("Timeshare Debt Elimination Provision").

31.     In addition to the Timeshare Debt Elimination Provision, ACC also agreed

to dispute the credit information being reported by third-parties with respect to the

Robinson Timeshare:

> In addition to the aforementioned services, ACC and its affiliates agree to
> provide, as a free and added service, education and resources to navigate
> the client through certain Credit Bureau disputes and other necessary
> means of ensuring a satisfactory credit rating with the three major Credit
> Bureaus.

("Credit Repair Provision").

### 2. Non-Performance by ACC

32.     During the year following the entry into the Credit Services Agreement,

Mr. Robinson made repeated telephone calls to ACC to obtain an update concerning the

status of his timeshare.  Among other things, Mr. Robinson requested copies of any

communications sent by ACC to the management company for the Robinson Timeshare.

33.     Notwithstanding the repeated requests by Mr. Robinson, ACC did not provide any evidence to Mr. Robinson that any work whatsoever had been performed on his behalf by ACC.

34.     Pursuant to the Refund Provision of the Credit Services Agreement, on or about July 17, 2016, Mr. Robinson sent or caused to be sent to ACC a written request for a refund of his Credit Services Payment ("Refund Demand").

35.     A true and correct copy of the Refund Demand is attached hereto and incorporated herein by reference as Exhibit "D."

36.     Despite receipt of the Refund Demand, ACC has refused to remit any funds to Mr. Robinson without good cause or justification.

## DAMAGES OF MR. ROBINSON

37.     The conduct of Defendants has caused Mr. Robinson great actual economic and non-economic injury.

38.     As Mr. Robinson was no longer paying the assessments on the Robinson Timeshare, the management company for the Robinson Timeshare placed Mr. Robinson into collection.

39.     Since being placed into collections, Mr. Robinson has become fearful and anxious as to the effect of such collection activity on his credit and credit reputation.

40.     The economic damage to Mr. Robinson include the monies paid to Defendants and potential damage to the credit and credit reputation of Mr. Robinson.

41.     The non-economic intangible damages of Mr. Robinson include but is not limited to personal humiliation, exasperation, fear and apprehension, embarrassment,

depression, outrage, mental anguish, emotional distress, anger, physical and mental pain and suffering.

## COUNT I - ACTION FOR VIOLATION OF
## THE FEDERAL CREDIT REPAIR ORGANIZATIONS ACT

42.     This is an action for violation of 15 U.S.C. §1679b, *et. sequi*, known more commonly as the "Federal Credit Repair Organizations Act" ("CROA").

43.     Mr. Robinson realleges and reaffirms the allegations contained in Paragraphs 1 through 41 above as if set forth hereat in full.

44.     At all times material hereto, Mr. Robinson was a "consumer" as said term is defined under 15 U.S.C. §1679a(1).

45.     At all times material hereto, Defendants were a "credit repair organization" as said term is defined under 15 U.S.C. §1679a(3).

46.     At all times material hereto, Defendants were persons who used any instrumentality, interstate commerce or the mail to sell, provide or perform (or represents that such person can or will sell, provide or perform) any service in return for the payment of money or the value of consideration for the express or implied purpose of:

    (a)    improving the credit, credit history or credit rating of a consumer; or

    (b)    providing advice or assistance to consumers with regard to any activity or service which includes the credit record, credit history and credit rating of the consumer.

47.     As a result of the acceptance of the Credit Services Payment, Defendants received consideration from Mr. Robinson prior to the performance of "any service"

which Defendants had agreed to perform for Mr. Robinson as a consumer before such service was fully performed in contravention of 15 U.S.C. §1679b(b).

48.    Defendants have violated the provisions of 15 U.S.C. §1679c in that Defendants did not provide a prior written statement advising Mr. Robinson of his rights as a consumer under state and federal law prior to the execution of the Credit Services Agreement.

49.    Defendants have violated the provisions of 15 U.S.C. §1679e in failing to provide the required cancellation form.

50.    Defendants have violated the provisions of 15 U.S.C. §1679d in that Defendants did not obtain from Mr. Robinson a written and dated contract with the terms and provisions required in said subsection of CROA.

51.    As a direct and proximate result of the violation of CROA by Defendants, Mr. Robinson has been damaged.

52.    Pursuant to 15 U.S.C. §1679g(a)(1), Mr. Robinson is entitled to recover the amount of any actual damages sustained by Mr. Robinson or the amount paid by Mr. Robinson to Defendants as a credit repair organization.

53.    Pursuant to 15 U.S.C. §1679g(a)(2), Mr. Robinson is entitled to punitive damages in an amount as the Court may allow.

54.    Pursuant to 15 U.S.C. §1679g, Mr. Robinson is entitled to recover reasonable attorney's fees in the bringing of the instant action.

55.    Mr. Robinson has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, David Robinson, an individual, demands judgment jointly and severally against Defendants, American Consumer Credit, LLC, a Florida limited liability company, doing business as "American Consumer Credit," and John Does 1-15, unknown individuals, for:

A. Actual and punitive damages to be established at trial pursuant to 15 U.S.C. §1679g;

B. Costs and reasonable attorney's fees in accordance with 15 U.S.C. §1679g(a)(3); and

C. Such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE FLORIDA CREDIT SERVICE ORGANIZATIONS ACT

56. This is an action for violation of the Florida Credit Service Organizations Act, Florida Statute §817.7001, *et seq.* ("Florida CROA"), brought herein pursuant to the doctrine of pendent jurisdiction.

57. Mr. Robinson realleges and reaffirms the allegations contained in Paragraphs 1 through 41 above as if set forth hereat in full.

58. At all times material hereto, Mr. Robinson was a "buyer" as said term is defined under Florida Statute §817.7001(1).

59. At all times material hereto, Defendants were a "credit service organization" as said term is defined under Florida Statute §817.7001(2)(a).

60. At all times material hereto, the monies owed for the Robinson Timeshare constituted an "extension of credit" as said term is defined under Florida Statute §817.7001(3).

61.     Defendants have violated Florida CROA in the following respects:

A.     By Obtaining Consideration Prior to Full and Complete

Performance - Defendants have obtained valuable consideration prior to the full and

complete performance of the services which Defendants as a credit service organization

had agreed to perform in violation of Florida Statute §817.7005(1);

B.     By Commission of Fraud - Defendants have made or used a false

or misleading representation or omitted material facts in the offer of sale of their services

as a credit service organization or engaged, directly or indirectly, in an act, practice or

course of business that operate or would operate as a fraud or deception upon Mr.

Robinson or other persons in connection with their offer or sale of services as a credit

service organization in violation of Florida Statute §817.7005(4).

62.     The Defendants have violated the provisions of Florida Statute §817.702

in that Defendants did not provide a written statement to Mr. Robinson as buyer which

contained the information required by Florida Statute §817.703.

63.     The Defendants have violated the provisions of Florida Statute §817.704

in that Defendants did not obtain from Mr. Robinson a written and dated contract with the

terms and provisions required by Florida CROA.

64.     As a direct and proximate result of the violations of the Florida CROA,

Mr. Robinson has been damaged.

65.     Pursuant to Florida Statute §817.706, Mr. Robinson is entitled to recover

actual damages, but in no case less than the amount paid by Mr. Robinson to Defendants,

plus reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, David Robinson, an individual, demands judgment jointly and severally against Defendants, American Consumer Credit, LLC, a Florida limited liability company, doing business as "American Consumer Credit," and John Does 1-15, unknown individuals, for damages, together with interest, costs and attorney's fees pursuant to Florida Statute §817.706.

## COUNT III - ACTION FOR VIOLATION OF THE TELEMARKETING AND CONSUMER FRAUD AND ABUSE PREVENTION ACT

66.     This is an action for violation of 15 U.S.C. §6101, *et seq.*, known more commonly as the "Telemarketing and Consumer Fraud and Abuse Prevention Act," ("Telemarketing Act").

67.     Mr. Robinson realleges and reaffirms the allegations contained in Paragraphs 1 through 41 above as if set forth hereat in full.

68.     At all times material hereto, Mr. Robinson was a "customer" as said term is defined under 16 C.F.R. §310.2 (n).

69.     At all times material hereto, the business activities of Defendants constituted a "debt relief service" as said term is defined under 16 C.F.R. §310.2(o).

70.     At all times material hereto, Defendants were "seller(s)" with respect to debt relief services offered to Mr. Robinson as said term is defined under 16 C.F.R. §310.2(aa).

71.     In 2010, the FTC issued Telemarketing Sales Rules ("TSR") which imposes specific restrictions and requirements on debt relief services such as credit counseling, debt settlement, debt negotiation, and debt elimination companies, including attorneys.

72.     Pursuant to 16 C.F.R. §310.6(b)(5) and (6), TSR applies to the debt relief services and the sellers who advertise on the internet when the consumer responds by telephone.

73.     Defendants have violated the TSR with respect to its services to Mr. Robinson in the following respects:

(a)     by requesting and receiving payment of any fee in consideration for debt relief service before achieving any result in contravention of 16 C.F.R. §310.4(a)(5)(i);

(b)     by failing to escrow fees in contravention of 16 C.F.R. §310.4(a)(5)(ii); and

(c)     by misrepresenting any debt relief service provided by Defendants in contravention of 16 C.F.R. §310.3(a)(2)(x).

74.     Defendants have maintained a practice and pattern of telemarketing which violates the TSR.

75.     As a direct and proximate result of the violation of the TSR, Mr. Robinson has sustained actual economic and non-economic damages in excess of Fifty Thousand Dollars ($50,000.00).

76.     Prior to the filing of the instant action, Mr. Robinson provided a copy of the Complaint to the FTC pursuant to 15 U.S.C. §6104(b).

77.     Pursuant to 15 U.S.C. §6104(d), Mr. Robinson is entitled to the recovery of attorney's fees and costs for the bringing of the instant action.

78.    Mr. Robinson has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, David Robinson, an individual, demands judgment jointly and severally against Defendants, American Consumer Credit, LLC, a Florida limited liability company, doing business as "American Consumer Credit," and John Does 1-15, unknown individuals, for:

A.    Actual damages to be established at trial pursuant to 15 U.S.C. §6104(a);

B.    Injunctive relief against Defendants prohibiting further violations of the TSR as described above pursuant to 15 U.S.C. §6104(a);

C.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §6104(d); and

D.    Such other and further relief as justice may require.

## COUNT IV - ACTION FOR VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

79.    This is an action for violation of Florida Statute §501.201, *et sequi,* known more commonly as the "Florida Deceptive and Unfair Trade Practices Act" (the "DUTPA") brought herein pursuant to the pendent jurisdiction of the Court.

80.    Mr. Robinson realleges and reaffirms the allegations contained in Paragraphs 1 through 41 above as if set forth hereat in full.

### *General Allegations as to DUTPA*

81.    At all times material hereto, Mr. Robinson was an "interested party or person" as said term is defined under Florida Statute §501.203(6).

82.    By virtue of the acts described above, Defendants were engaged in "trade or commerce" as said term is defined under Florida Statute §501.203(8).

## *Violation of the Telemarketing Sales Rule*

83.    At all times material hereto, Mr. Robinson was a "customer" as said term is defined under 16 C.F.R. §310.2 (n).

84.    At all times material hereto, the business activities of Defendants constituted a "debt relief service" as said term is defined under 16 C.F.R. §310.2(o).

85.    At all times material hereto, Defendants were "seller(s)" with respect to debt relief services offered to Mr. Robinson as said term is defined under 16 C.F.R. §310.2(aa).

86.    In 2010, the FTC issued Telemarketing Sales Rules ("TSR") which imposes specific restrictions and requirements on debt relief services such as credit counseling, debt settlement, debt negotiation, and debt elimination companies, including attorneys.

87.    Pursuant to 16 C.F.R. §310.6(b)(5) and (6), TSR applies to the debt relief services and the sellers who advertise on the internet when the consumer responds by telephone.

88.    Defendants have violated the TSR with respect to its services to Mr. Robinson in the following respects:

    (a)    By requesting and receiving payment of any fee in consideration for debt relief service before achieving any result in contravention of 16 C.F.R. §310.4(a)(5)(i);

    (b)    by failing to escrow fees in contravention of 16 C.F.R. §310.4(a)(5)(ii); and

(c)     by misrepresenting any debt relief service provided by Defendants in contravention of 16 C.F.R. §310.3(a)(2)(x).

89.     The violation of the TSR is a per se violation of the DUTPA pursuant to Florida Statute §501.211(3)(c).

### *Violation of the FDUTPA as to Senior Citizens*

90.     At all times material hereto, Mr. Robinson was a "senior citizen" as said term is defined under Florida Statute §501.2077(1)(e).

91.     Pursuant to Florida Statute §501.2077, Defendants willfully used a method, act or practice in violation of DUTPA which victimized or attempted to victimize a senior citizen or person who has a disability.

92.     As a direct and proximate result of the above described acts, Defendants are liable for a civil penalty of not more than Fifteen Thousand Dollars ($15,000.00) for each such violation if he or she knew or should have known that his or her conduct was unfair or deceptive pursuant to Florida Statute §501.2077(2).

          *                  *                  *

93.     As more particularly described above, Defendants have engaged in unfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statute §501.204(1) and (2).

94.     Pursuant to Florida Statute §501.211, Mr. Robinson is entitled to obtain a declaratory judgment that the acts and practices of Defendants under the DUTPA and to enjoin Defendants from further violations of the DUTPA.

95.     It is in the interest of protection of consumers that the Defendants be prohibited and proscribed from further violations of the DUTPA as described above.

96.     As a direct and proximate result of the violation of the DUTPA, Mr. Robinson has been damaged and is an aggrieved person.

97.     Mr. Robinson has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, David Robinson, an individual, demands judgment against Defendants, American Consumer Credit, LLC, a Florida limited liability company, doing business as "American Consumer Credit," and John Does 1-15, unknown individuals, for:

A.     Compensatory economic damages;

B.     Declaratory relief against Defendants adjudicating that the actions of Defendants described above constitute violations of the DUTPA;

C.     Injunctive relief against Defendants proscribing Defendants from further violations of the DUTPA as described herein; and

D.     Attorney's fees and court costs pursuant to Florida Statute §501.2105.

## COUNT V - ACTION FOR BREACH OF CONTRACT
### (As to ACC Only)

98.     This is an action for breach of contract brought herein pursuant to the pendent jurisdiction of the Court.

99.     Mr. Robinson realleges and reaffirms the allegations contained in Paragraphs 1 through 41 above as if set forth hereat in full.

100.    By failing to provide any meaningful services on behalf of Mr. Robinson, ACC has breached the terms and provisions of the Credit Services Agreement.

101.    As a result of the breach of the Credit Services Agreement, Mr. Robinson has suffered actual damages as described above.

WHEREFORE, Plaintiff, David Robinson, an individual, demands judgment against Defendants, American Consumer Credit, LLC, a Florida limited liability company, doing business as "American Consumer Credit," together with interest costs and attorney's fees.

## COUNT VI - ACTION FOR FRAUD

102.    This is an action for fraud brought herein pursuant to the pendent jurisdiction of the Court.

103.    Mr. Robinson realleges and reaffirms the allegations contained in Paragraphs 1 through 41 above as if set forth hereat in full.

104.    As more fully described above, Defendants misrepresented material facts and made material omissions concerning the services to be provided by Defendants.

105.    Defendants knew that the representations set forth above were false or made such representations recklessly, and Defendants had no reasonable grounds for believing those representations to be true.

106.    Defendants knew that the above representations and omissions concerning the services of Defendants were material and important.

107.    Defendants intended to deceive Mr. Robinson, who relied upon the misrepresentations and omission to his detriment.

108.    As a direct and proximate result of the fraud and non-disclosures by Defendants, Mr. Robinson has suffered actual damages as described herein.

WHEREFORE, Plaintiff, David Robinson, an individual, demands judgment for actual and punitive damages against Defendants, American Consumer Credit, LLC, a Florida limited liability company, doing business as "American Consumer Credit," and John Does 1-15, unknown individuals, together with interest and costs.

### COUNT VII - ACTION FOR NEGLIGENT MISREPRESENTATION

109.    This is an action for negligent misrepresentation brought herein pursuant to the pendent jurisdiction of the Court.

110.    Mr. Robinson realleges and reaffirms the allegations contained in Paragraphs 1 through 41 above as if set forth hereat in full.

111.    As more particularly described above, Defendants misrepresented and failed to disclose material facts concerning the services to be provided by Defendants.

112.    Defendants believed the above statements to be true and to be complete but which were in fact false and incomplete.

113.    Defendants were negligent in making the statements and omissions concerning the services of Defendants.  Defendants should have known that the statements were false.

114.    Defendants, in making the statements concerning the services of Defendants, intended that Mr. Robinson rely upon said statements.

115.    As a direct and proximate result of the negligent misrepresentations of the Defendants, Mr. Robinson has suffered actual damages as described above.

WHEREFORE, Plaintiff, David Robinson, an individual, demands judgment for damages against Defendants, American Consumer Credit, LLC, a Florida limited liability company, doing business as "American Consumer Credit," and John Does 1-15, unknown individuals, together with interest and costs.

### COUNT VIII- ACTION FOR FRAUDULENT INDUCEMENT

116.   This is an action for fraudulent inducement brought herein pursuant to the pendent jurisdiction of the Court.

117.   Mr. Robinson realleges and reaffirms the allegations contained in Paragraphs 1 through 41 above as if set forth hereat in full.

118.   As more particularly described above, Defendants induced Mr. Robinson into signing the Credit Services Agreement by knowingly making misrepresentations of material fact and omitting material facts with the intent that Mr. Robinson rely on them to his detriment.

119.   Defendants' misrepresentations of material fact and omissions of material fact were made and omitted with the intent that Mr. Robinson rely on them, or be deceived by them to his detriment.

120.   Mr. Robinson justifiably relied upon the misrepresentations to his detriment and further, had Mr. Robinson been advised of the truth, Mr. Robinson would not have entered into the Credit Services Agreement.

121.   As a result of the fraud and deceit by Defendants, Mr. Robinson has suffered actual damages as described above.

WHEREFORE, Plaintiff, David Robinson, an individual, demands judgment for compensatory and punitive damages against Defendants, American Consumer Credit, LLC, a Florida limited liability company, doing business as "American Consumer Credit," and John Does 1-15, unknown individuals, together with interest and costs.

## COUNT IX - ACTION FOR UNJUST ENRICHMENT

122.   This is an action for unjust enrichment brought herein pursuant to the pendent jurisdiction of the Court.

123.   Mr. Robinson realleges and reaffirms the allegations contained in Paragraphs 1 through 41 above as if set forth hereat in full.

124.   Mr. Robinson has conferred a benefit on Defendants by paying for services offered by Defendants.

125.   Defendants have knowledge of the benefit conferred by Mr. Robinson.

126.   Defendants have accepted and/or retained the benefit conferred by Mr. Robinson.

127.   The circumstances are such that it would be inequitable for Defendants to retain the benefits without paying the fair value thereof.

128.   Defendants have been unjustly enriched by the retention of the benefits paid by Mr. Robinson.

WHEREFORE, Plaintiff, David Robinson, an individual, demands judgment jointly and severally against Defendants, American Consumer Credit, LLC, a Florida limited liability company, doing business as "American Consumer Credit," and John

Does 1-15, unknown individuals, for damages, interest, and costs, and for such other and further relief as justice may require.

### COUNT X - ACTION FOR CIVIL CONSPIRACY
*(As to All Defendants)*

129.   This is an action for civil conspiracy brought herein pursuant to the pendent jurisdiction of the Court.

130.   Mr. Robinson realleges and reaffirms the allegations contained in Paragraphs 1 through 41 above as if set forth hereat in full.

131.   As more particularly described above, an agreement existed between the respective Defendants to do an unlawful act or to do a lawful act by unlawful means, to-wit: the charging of an unlawful and unconscionable fee for "debt relief services" and "credit repair services" not in compliance with applicable federal and state laws.

132.   As a result of the conspiracy between the respective Defendants to violate federal and state consumer protection laws, Mr. Robinson has been damaged as more particularly described above.

WHEREFORE, Plaintiff, David Robinson, an individual, demands judgment jointly and severally against Defendants, American Consumer Credit, LLC, a Florida limited liability company, doing business as "American Consumer Credit," and John Does 1-15, unknown individuals, for actual and punitive damages, interest, costs, and attorney's fees as permitted by law and for such other and further relief as justice may require.

## COUNT XI - ACTION FOR BREACH OF EXPRESS WARRANTY
### *(As to ACC Only)*

133.    This is an action for breach of express warranty brought herein pursuant to the doctrine of pendent jurisdiction.

134.    Mr. Robinson realleges and reaffirms the allegations contained in Paragraphs 1 through 41 above as if set forth hereat in full.

135.    From the various statements made by ACC, including the Performance Guarantee, ACC has made an express warranty pursuant to §2-313 of the Uniform Commercial Code ("UCC"), by both affirmation of fact or promise, that ACC would cancel the Robinson Timeshare ("Express Performance Warranty").

136.    By failing to ensure the cancellation of the obligations of Mr. Robinson for the Robinson Timeshare, ACC has breached the Express Performance Warranty.

137.    As a direct and proximate result of the breach of the Express Performance Warranty, Mr. Robinson has been damaged.  The damages of Mr. Robinson include the monies paid to Defendants and the damage to the credit and credit reputation of Mr. Robinson.

138.    Mr. Robinson has performed all conditions precedent to the filing of the instant action.

WHEREFORE, Plaintiff, David Robinson, an individual, demands judgment against Defendant, American Consumer Credit, LLC, a Florida limited liability company, doing business as "American Consumer Credit," for damages, together with interest and costs.

## DEMAND FOR JURY TRIAL

Plaintiff, David Robinson, pursuant to Rule 38(b), Federal Rules of Civil

Procedure, demands a trial by jury of all issues so triable.

Dated: November 23, 2016

_____
Robert W. Murphy
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
Email: rphyu@aol.com;
rwmurphy@lawfirmmurphy.com
Counsel for Plaintiff