UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID ROBINSON, an individual

    Plaintiff,

v.                                Case No:   2:16-cv-857-FtM-99CM

AMERICAN CONSUMER
CREDIT, LLC and JOHN DOES 1-15,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Entry of Clerk's Default (Doc. 9) filed on January 14, 2017.   Plaintiff seeks a Clerk's entry of default against Defendant American Consumer Credit, LLC ("Defendant").   Doc. 9.   On November 30, 2016, Plaintiff filed a Complaint against Defendant.   Doc. 1. On January 14, 2017, Plaintiff filed a Sheriff's Return of Service.   Doc. 8.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).   Prior to directing the Clerk to enter a default, the Court must

first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at \*1 (M.D. Fla. June 24, 2009).

Service on a corporation, partnership, or other unincorporated association that is subject to suit under common name, can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1); *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (stating that a plaintiff may serve process on a limited liability company pursuant to Rule 4(h), Federal Rules of Civil Procedure).

Here, the Return of Service states that on December 13, 2016, a sheriff for Volusia County delivered the Summons/Complaint for Damages and Incidental Relief upon Dana Micallef as a Manager of Defendant at 18 Bovard Ave Suite C, Ormond Beach, FL. Doc. 8 at 1. A process server, Sclafani, Frank 4028, signed the Return of Service. *Id.* Affidavits by process servers constitute a prima facie showing that defendants have been served. *Udoinyion v. The Guardian Security,* 440 F. App'x 731, 735 (11th Cir. 2011) (holding that unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at \*2 (S.D. Fla. June 14, 2012). Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(h).

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Defendant has failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Entry of Clerk's Default (Doc. 9) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendant American Consumer Credit, LLC.

**DONE** and **ORDERED** in Fort Myers, Florida on this 23rd day of January, 2017.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record